The next case set for oral argument is Lantz Retirement Investments v. Brian Glover. Good morning, Your Honors. I'm Robert Willis, and I represent the appellants. I would like to reserve five minutes of my time for rebuttal on this matter this morning. This case emanates from a dismissal without leave to amend under Federal Rule of Civil Procedure 12b-6 and raises the following eight issues. Pleading requirements of fraud under Federal Rule of Civil Procedure 9. Just a second. I think you agreed to split your time. Is that right? Yes. Five minutes for rebuttal. So, I'm sorry. Oh, at police. Okay. Go ahead. Please proceed. Thank you. The second issue at hand here is the pleading requirements for secondary liability under California Corporations Codes Section 25-401 and 25-501. The third, the scope of liability under Oregon Revised Statutes Sections 59.115 and 59.135. The fourth is pleading signatory under the Private Securities Litigation and Reform Act, otherwise known as the PSLRA. The fifth is pleading under Oregon Revised Statutes Section 63.801. Six, derivative pleading under Federal Rule of Civil Procedure 23.1. The seventh is the application of Oregon Revised Statutes Section 59.115. And the last is the District Court's denial of leave to amend in this matter. Can I start with a question about the last thing? Yes. If you were given a chance to amend, can you tell us specifically what you could add to remedy the gaps that the District Court identified? Specific allegations would go to further ferret out who said what to whom. The appellees have raised multiple issues of whether certain appellees actually said anything or are liable in any way. Other additions would be to fully allege that the circumstances of this transaction emanating from Mr. Roderick in Oregon, the misrepresentations being made in California, and then money and subscription agreements being sent back to Oregon from Mr. Roderick. So if you could add those allegations about things happening in Oregon, could you also add something about a specific claim that your clients made that defendants turned down? Because I think that's also part of a denied claim request. And I don't know what you say you claimed. Yeah, I believe you're talking about the presentment and the derivative. I'm sorry, demand. I said claim. What can you show was your demand that was denied? Well, the demand was we sent a letter with a copy of a draft complaint alleging all this and demanding to actually sit down and mediate this matter to try to resolve the problems before filing of a lawsuit. So there was a demand for damages being made. And we were trying to, prior to that, come together and negotiate a reasonable settlement. So your demand was an attempt at mediation? Well, yes, it was either we're suing you if you don't correct all this or we'll mediate it. They could have easily remedied all the situations or refunded the money back to the appellants. Counsel, I want to follow up on Judge Friedland's question. So I went through your entire memorandum in opposition to the motion to dismiss the first amended complaint. And I couldn't find in there any specific discussion, any discussion of any specific factual allegations that you would have made if you were to be given an opportunity to file a second amended complaint. I found a lot of general statements. We would further allege circumstances. We would further do this. But nothing specific. Is there anything you can point me to either in that document or something else filed with the district court as to anything specific you told the district court? Judge, if you're going to dismiss the first amended complaint, give us leave to amend and we'll add A, B, C, D, and E specifically to our second amended complaint. Other than the allegations of the actual circumstances of the transaction and how it truly occurred with regard to Roderick being in Oregon, the back and forth there, and also to clarify that this wasn't just for an investment in Mesa, the LLC, but it was also for the sole purchase of the project, which was the Courtyard Towers project in Arizona. So to more clarify, more clearly state out the theory of the case that all their misrepresentations are actionable because the transaction is not truly finished until Courtyard Towers is purchased. But you couldn't allege any new statements? Like you have described statements in the complaint that you say are misleading. You don't have any others? No, outside of the 11 statements, there are no other, to my knowledge as I sit here, additional outside of those 11. Now that there are clarifying statements to those 11 that can be made with coming off the top of my mind right now would be the representation to buy out disgruntled investors. That can be cleared up with specific statements. But if there were specific statements that could clarify that, like for example, they promised they'd buy us out if we were disgruntled, you never made that representation to the district court that you could add that? Well, that representation is the crux of the allegation, is it was made to the group. But the allegation you made is they've done it in the past. That's what's in the complaint. I never saw any allegation that they told us if we're disgruntled, they will buy us out. Is that anywhere in the district court record? I believe it's in the complaint. One second. I don't mind if counsel told us that in his rebuttal rather than taking up his time. If I could follow up on this argument that you somehow were disadvantaged by the district court's ruling that you could not amend your complaint again. And it seems that you argue that the district court did not affirmatively rule on the 11 misrepresentations in its first order, dismissing the plaintiff's first complaint. But the district court did dismiss the fraud claims due to plaintiff's failure to satisfy Rule 9B's pleading standard. And the district court gave you an opportunity to amend those allegations. I'm just wondering, do you have any case law supporting your argument that the district court needed to provide more in its explanation for why each misrepresentation failed? I do not have any case law for it. It's my assertion, though, that the district court did not directly rule on them because they did not actually look at the undergoing allegations. From my memory, the first order ruled more on the style of allegation, essentially saying that they were shotgun allegations and saying more needed to be done with regard to whether they were fraud when made or whether they were incorrect when made. So additions were made to the pleadings to address those concerns. But outside of those concerns, there was no direct ruling saying such as allegation number one fails to be a fraudulent allegation because it's based off of opinion. That was never issued or ruled on specifically by the first ruling, Your Honor. And as laid out in the briefing under California law, opinion statements can be fraudulent statements under California law. I've pointed out multiple times where the people making the declarations and statements hold themselves up to have specific to be specifically qualified or be in fiduciary capacities, which is the exact issue here. And which is why I interrupt you with one other question because I think you're getting into your rebuttal time here. So I think you're going to look up the answer to Judge Bennett's question about whether the allegation about refunding unhappy investors was only about something that they said they had done in the past. I have an additional question about that same statement, which is I think you alleged it under information and belief that he that that promise was not fulfilled. And I don't understand why it would be on information and belief. It seems like if your client said we're unhappy, we want a refund and didn't get it, they would know that it would be their actual knowledge and you could have just alleged it. But instead, you did it in this roundabout way that makes it seem like they never were denied requests. And so I'm wondering about that. And again, that's that's where the complaint can be amended. When when you read the complaint in its entirety, however, even though it says upon information, are you representing right now that you could say your clients asked for refunds and were denied them? I cannot say that definitively as I sit here right now. However, if leave were granted and it was a factual statement that can be made in a verified complaint, then it will be made. But how do we know that you deserve a chance to do that if you can't tell us whether you actually could? Again, I it comes back to a reading the complaint in its entirety as well, that none of the investors were bought out after raising their issues, which shows that they while they raise their issues and they were disgruntled, they were not bought out as promised. Did you want to reserve the balance of your time? I will reserve the balance of my time. All right. Thank you. Good morning, Your Honors. Gary Watt, appearing for appellees Gregory Roderick, Frontier Management LLC and Roderick Family LLC. We have split time today. I've reserved 12 minutes and counsel for Mr. Smith has reserved three. Your Honors, there should be no leave to amend here. The events in this case took place in 2014 through 2017. The original complaint was filed in 2019. The amended complaint was filed in 2020. And here we are in 2023. And unlike any other fraud case that gets past Rule 9, this one lacks any contemporaneous indications of falseness. There simply are no allegations. There are no factual allegations from which one could even infer that there was fraud here. So an investment was presented. The plaintiffs invested. And, yes, there are some bad results. That's every case. But Rule 9 requires so much more. Let me point you to paragraph 39 of the first amended complaint. And let me know when you're there. It's on page 10. I'm there. So Defendants Glover and Smith represented and promised that investors should be able to double their investment in two to three years, plus gain a 10 percent return on the cash investment waiting for the property to sell. For people who are in the light most favorable to plaintiffs holding themselves out as experts, why doesn't this qualify? Well, that would, under California law, if that exception applied, that makes those statements actionable. That's California law. So, in other words, that could be what ultimately makes the defendants liable. However, that California law has nothing to do with Rule 9. We're at the pleading stage here. So, ultimately, if he gets past the pleading stage and we get to summary judgment or we get to trial, then in that event, that case law could be found to apply. And if, in fact, those statements were made, and there's other evidence showing why those statements were false when they were made, we're here today about the first part. We're here about what is the Rule 9 sufficiency here that would make those statements that Your Honor just referred to fraud? What were the contemporaneous indications? Now, let me point out, these are just examples from many Ninth Circuit cases. Changes in market conditions, statements in public records. This is an assisted living facility governed by the Department of Health in Arizona. They have no facts from any public records. Public statements, private statements among various defendants, contrary courtyard tower documents going back to the time when it was being presented, contrary internal documents. It's 2023 and counsel's up here saying, give me leave to amend. And yet, when you ask him, what would you add? He says, just look at the complaint as a whole. Or he says, well, I'll have to check. Now, the standard here is abuse of discretion. The court considered the first complaint. It gave a very detailed order, including spotting what was flawed about that complaint. And what we got here in the amended complaint was interlineations A through K. A through K, which are repeated selectively throughout the brief, are simply assertions of knowledge. Defendants knew it would be a bad infestment. So, counsel, on your abuse of discretion, add the final page of the district court's January 31, 2020, order on the first complaint. The district court said, should plaintiffs choose to amend, it must be in strict compliance with this order since the court does not have the resources to evaluate further pleadings for improperly pled facts. In imposing the requirement geared to the court's resources, didn't the district court abuse its discretion by saying, I'm really busy, Congress hasn't confirmed new district court judges, and if you go forth and do it again, I'm not going to evaluate this for improperly pled facts. You're just out of luck. Isn't that an abuse of discretion? Well, it could have been if that was all we had. But what we had was the court's subsequent order. And the subsequent order does what this court can already see based on its questioning. It goes through the entire first amended complaint and sees that there's the complete absence of facts indicating that any of the defendants knew the representations were making were false at the time they were being made. So this can't be set back on the district court for something it said in its initial order. Plaintiffs had a chance to amend. Plaintiffs provided another 150-page complaint with 11 causes of action. And all they have is some conclusory statements about defendants must have known and infer it from the complaint as a whole. This court has always required more than that. So there is no abuse of discretion by the trial court here. The order was very thoughtful. It was detailed. It was long. And, Your Honors, if you find in this first amended complaint specific allegations of fraud that satisfy Rule 9, I'll be happy to learn from the experience. So unless there are some specific questions here, because I do believe the Rule 9 issue is the fatal flaw in this complaint and why it should remain dismissed as to everyone, I'll submit the argument and yield my time. Let me ask you about Representation 11. It is based on the second operating agreement, which was executed months, I guess, after plaintiffs invested in Mesa. Do you have any case law supporting your position that that second operating agreement could not have induced plaintiffs' decision to invest because they had already invested? I mean, I understand the argument, but it looks like you cite to Amend Dispo. Do you have any published case law for that? I don't have a published case on that. But I think that, again, is it's not really needed. And the reason that it's not really needed is that here, even if there was case law, even if that were true, even if that second amended operating agreement could somehow support allegations of fraud, we don't have the other allegations. All we have is that we were pitched in December through March of 2015. We invested in March of 2015. We found out something different in the second amended operating agreement. But it really just goes to the issue of reliance. But this case doesn't stand on fall or fall on the element of reliance. It stands and falls on the element of fraud, the first element, the affirmative misrepresentation. And there simply are no facts to support it. Okay. Thank you. Thank you, Your Honors. Thank you. Mr. Lucas, do you want to state your appearance? Yes, thank you, Your Honors. And may it please the Court, Robert Lucas for Appellees Mark Smith and Newmark Grubb, ASU and Associates, or ASU as I will refer to them. I concur in the argument that Mr. Watt made, and I will endeavor not to repeat his argument. That said, I believe there are three additional matters the Court should consider with regard to Mr. Smith and ASU. First, I think, is that Smith and ASU need to be considered separately from the Roderick defendants or the Glover defendants, which are not here on the appeal. The complaint should be analyzed individually as to them. So even if the Court found a claim pleaded against Roderick or Glover, and I don't think they can find a claim against them either, that doesn't mean that the appellants have stated any claims against Smith or ASU. Second, in their reply brief, appellants briefly mentioned that Smith and by extension ASU was a conduit for Glover and Roderick. And by inference, I suppose, is the way the appellants did it, that he was a promoter of the project. But even if that's true, and take that as true, and let's assume that the first amendment complaint had well stated facts to that, that still doesn't create fraud for the reasons stated by Mr. Watt. There's simply no going that Mr. Smith ever made a false statement, or that he knew it was false when it was made, or any of the other elements necessary for fraud. There has to be positive assertions here, and there's none. And I will point out in the reply brief, and the problem I've had with this case, is that there is simply little argument made with Smith and ASU by the plaintiffs. They spend most of their time dealing with Mr. Roderick. But that said, the reply brief seems to limit their claim only to negligent misrepresentation. If you look at page six of their reply brief, they only focus on the negligent misrepresentation claim, and there is not. So I'm not sure if they're abandoning the other claims against Mr. Smith or ASU. I would suggest they haven't preserved it for appeal, because they didn't mention anything specifically in their opening brief. And then finally, I think the real question that the courts hit on from the beginning of this argument is the ability to amend. I think the court hits it right. Plaintiffs come with a trust us, we can amend argument, but this court in the Salome v. Tarsadilla case makes it clear that a trust me claim is not a license for further amendment after a plaintiff has been given a chance. And Allen v. City of Beverly Hills holds that the district court's discretion to deny is broad once they've been given leave to amend. Here they were given leave to amend and specific instructions, and failed at that totally. They basically rehashed their first amended complaint. And with that, as my time is expiring, I will ask that the court affirm the dismissal with prejudice. Thank you. Okay, thank you very much. Mr. Wills? Your mic isn't on. I can't hear you. We cannot hear you. I apologize, Your Honors. To answer your question regarding the payout if they were disgruntled, that would be in paragraph 38. If you go about halfway through it, it says that it was also represented by Defendants Glover and Smith that in the past in similar projects, if an investor was unhappy or needed to get out of the project, Defendant Roderick would buy them out to avoid unhappy investors. Defendants Glover and Smith represented the Mama Tosca's meeting. The Defendant Roderick also made available for an investor who sold his interest to get back into the deal financially in the future if the investor wanted to. So I believe these accurately state that the representation was made directly to them. Right, but it doesn't say that there was a representation that if these investors wanted out, he'd buy them out. It says they've done it in the past. Well, they were making it to these investors at the pitch, saying that we've done this in the past and this is how we operate essentially, and thus we will do it for you as well. That's the implication of it. And under California law, you can imply fraud as stated in the brief. Again, that could be amended to clearly state that they were offered a buyout. Now, as to the arguments just made by counsel regarding Mr. Smith, Mr. Smith is an admitted aider and embedder here. He acted as a conduit, which is clearly alleged in the complaint. I believe it's paragraph 95. And that he used his company's email address to do it, which showed him as a principal, which implied that Newmark was also one of the promoters of this investment. And aider and embedder liability applies to promoters who are conduits of information. Now, while Mr. Smith may not have uttered anything that was his opinion, he ferreted messages from both Glover and Roderick, as alleged in the numerous paragraphs of the factual background. So it is alleged that he did say something, and those somethings are alleged to be fraudulent statements. Now, to get back to the pleading standard under Rule 9, a pleading is sufficient under Rule 9B if it identifies circumstances constituting fraud, so the defendant can prepare for an adequate answer from the allegations. The circumstances include time, place, and specific content of false representations. That is the who, what, when, where is all in the complaint. And malice, intent, knowledge, and other conditions of a person's mind may be alleged generally, which is what's done. You cannot allege something that is withheld by someone else in their own brain. It would require anyone bringing a fraud allegation to have extrasensory perception, which is not what's required by the law. And with that, unless there's other questions, I submit. Thank you. Mr. Wills, Mr. Watt, Mr. Lucas, thank you all for your oral argument presentations. The case of Lance Retirement Investments LLC v. Brian Glover is now submitted. The last case on our docket, Kevin Walker v. AT&T Benefit Plan No. 3, has been submitted on the briefs. So that concludes our docket for today. So we are adjourned. Thank you.
judges: MURGUIA, FRIEDLAND, BENNETT